---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF NEVADA

Case number *(if known)* _____ Chapter **11**

☐ Check if this an
amended filing

---

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | The Double D Group, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 47-4095566 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1450 West Horizon Ridge Parkway B-304**<br>**Henderson, NV 89012** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Clark** | **Location of principal assets, if different from principal place of business** |
| County | **627 S. 10th St., Las Vegas, NV 89101, APN: 139-34-801-012** |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor **The Double D Group, LLC**                                    Case number (if known) _____
         Name

**7.  Describe debtor's business**   A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

■ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No

☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor _____ | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor    **The Double D Group, LLC**                                    Case number (if known) _____
                Name

| | | |
|---|---|---|
| **11.** | **Why is the case filed in this district?** | *Check all that apply:* |

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| | |
|---|---|
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** |

■ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                                Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency    _____

                Contact name    _____

                Phone    _____

---

**▮ Statistical and administrative information**

| | |
|---|---|
| **13.** | **Debtor's estimation of available funds** |

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

| | |
|---|---|
| **14.** | **Estimated number of creditors** |

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| | |
|---|---|
| **15.** | **Estimated Assets** |

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,000 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| | |
|---|---|
| **16.** | **Estimated liabilities** |

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor    **The Double D Group, LLC**                                    Case number (if known) _____
           Name

■ **Request for Relief, Declaration, and Signatures**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature**
**of authorized**
**representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **1 - 25 - 2021**
                   MM / DD / YYYY

X _____                    **Jose Pichardo**
   Signature of authorized representative of debtor      Printed name

Title    **Managing Member**

**18. Signature of attorney**    X _____      Date    **1 - 25 - 2021**
                                    Signature of attorney for debtor              MM / DD / YYYY

**Anthony W. Austin**
Printed name

**Fennemore Craig, P.C.**
Firm name

**300 South Fourth Street**
**Suite 1400**
**Las Vegas, NV 89101**
Number, Street, City, State & ZIP Code

Contact phone    **602-916-5000**      Email address    **aaustin@fennemorelaw.com**

**10850 NV**
Bar number and State

# EXHIBIT

# A

## DOUBLE D GROUP, LLC

## JOINT WRITTEN CONSENT OF THE MANAGERS
## AND MEMBERS IN LIEU OF A MEETING

### January 25, 2021

The undersigned, being all of the members (the "Members") and Managers (the "Managers") of Double D Group, LLC, a Nevada limited liability company (the "Company"), hereby authorize, approve, and adopt the resolutions detailed below with the same force and effect as if they were adopted at a duly convened meeting of the Managers and Members.

### I.    RECITALS

**WHEREAS**, the Company has failed to make payments with respect to various debts owed including New Providence Capital Lending, LLC;

**WHEREAS**, the Members and Managers now desire to cause the Company to file a chapter 11 petition pursuant to Title 11 of the Unites States Code; and

**WHEREAS**, the Members and Managers further desire to hire Fennemore Craig, P.C. as its legal counsel for the preparation, filing, and prosecution of a bankruptcy for the Company.

### II.    APPROVAL OF THE BANKRUPTCY FILING

**NOW, THEREFORE, BE IT RESOLVED**, that the Members and Managers authorize and direct the Company to file a chapter 11 petition pursuant to Title 11 of the United States Code (the "Petition");

**FURTHER RESOLVED**, that the Members and Managers authorize and direct Jose Pichardo, (an "Authorized Representative"), to negotiate, execute and deliver in the name of and on behalf of the Company, and to cause the Company to perform their obligations under the Petition, and all other agreements, filings, petitions, motions, documents, certificates, affidavits, instruments, and forms as are contemplated thereby or as an Authorized Representative may deem necessary or appropriate to carry out the foregoing, with such changes therein and additions thereto as the Authorized Representative may approve or deem to be necessary, appropriate, or advisable, the execution thereof by the Authorized Representative to be conclusive evidence of the approval by him or her of such changes and additions, and to perform all other acts that may be necessary or advisable, in the opinion of the Authorized Representative, in connection therewith.

### III.    APPOINTMENT OF LEGAL COUNSEL

**NOW, THEREFORE, BE IT RESOLVED,** that the Members and Managers authorize and direct the Company to engage Fennemore Craig, P.C. ("Counsel") for purposes of assisting of the Company with the filing of the Petition and advice during pendency of the Petition; and

**FURTHER RESOLVED**, that the Members and Managers authorize and direct the Authorized Representative to negotiate, execute and deliver in the name of and on behalf of the

Company, and to cause the Company to perform its obligations under, all agreements, filings, petitions, motions, documents, certificates, affidavits, instruments, and forms as an Authorized Representative may deem necessary or appropriate to carry out the foregoing resolutions (including, without limitation, an engagement letter with Counsel), with such changes therein and additions thereto as the Authorized Representative may approve or deem to be necessary, appropriate, or advisable, the execution thereof by the Authorized Representative to be conclusive evidence of the approval by him or her of such changes and additions, and to perform all other acts that may be necessary or advisable, in the opinion of the Authorized Representative, in connection therewith.

**FURTHER RESOLVED** that the Members and Managers authorize and direct the Authorized Representative to negotiate, execute and deliver in the name of and on behalf of the Company any agreement as an Authorized Representative may deem necessary to document the Company's agreement with J Dapper to fund any necessary retainer as required by Counsel and agreed to by J Dapper to pay for services rendered during the pendency of the Petition (the "Retainer Agreement").

## IV.    MISCELLANEOUS MATTERS

**FURTHER RESOLVED**, that all actions previously taken on behalf of the Company by the Authorized Representative in connection with any of the foregoing matters are ratified and confirmed in all particulars as the acts of the Company, as applicable;

**FURTHER RESOLVED**, that the Authorized Representative is authorized and directed, in the name and on behalf of the Company, as applicable, to take all actions, including seeking all requisite consents and approvals, if any, from third parties or under applicable law, that he or she considers necessary, appropriate or advisable to effectuate each of the foregoing resolutions and to carry out the purposes thereof or otherwise to effectuate any transactions contemplated by the Petition, any engagement letter with Counsel, the Retainer Agreement, or other foregoing resolutions, the taking of any such action or the execution of any such agreement, instrument or document by such representative conclusively to evidence the due authorization thereof by the Company, as applicable;

**FURTHER RESOLVED**, that the Authorized Representative is authorized and directed, in the name and on behalf of the Company and Affiliates, to take or cause to be taken any and all further actions and to execute and deliver, or cause to be executed and delivered, all such further agreements filings, petitions, motions, documents, certificates, affidavits, instruments, and forms, and to incur all such fees and expenses, as in such Authorized Representative's judgment shall be necessary, appropriate or advisable to carry into effect the purpose and intent of the foregoing resolutions; and

**FURTHER RESOLVED**, that this Written Consent may be executed in one or more original or electronic counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

*[Signature page follows]*

2

17728705

IN WITNESS WHEREOF, the undersigned hereby adopt this Joint Written Consent of the Managers and Members as of the date first above written.

**MANAGERS/MEMBERS:**

JOSE PICHARDO

**WADSWORTH INVESTMENT GROUP, INC.**

By: _____
Herbert Wadsworth, President

**[Signature Page to Joint Written Consent
of Managers and Members in Lieu of a Meeting]**